(69 Misc. Rep. 56.)

### ACKLEY v. IRWIN et al.

(Supreme Court, Special Term, Kings County. September, 1910.)

1. RELIGIOUS SOCIETIES (§ 27*)—DISCHARGE OF MINISTER—STATUTORY PROVISIONS.

Religious Corporations Law (Consol. Laws, c. 51, art. 3) § 42, provides that the vestry, subject to the canons of the Protestant Episcopal Church in the United States and of the diocese in which the parish or church is situated, may by a majority vote elect a rector to fill a vacancy and fix his salary. Canon 37, § 1, of the general church body, provides that a rector lawfully elected and in charge of a parish may not be removed by the parish vestry against his will except as thereinafter provided. Section 2 provides a complete remedy available to both rector and vestry for severance of relations between them by application to the superior ecclesiastical authority of the diocese. *Held*, that the powers of the vestry, to affect the relations between the rector and congregation, must be exercised in subordination to the church canons, and the vestry may not by resolution dispense with a rector's services and discharge him from office without action of the superior ecclesiastical authority.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. § 181; Dec. Dig. § 27.*]

2. RELIGIOUS SOCIETIES (§ 27*)—RIGHTS OF RECTOR AND CONGREGATION OF EPISCOPAL CHURCH.

The position of rector necessarily carries with it the right, as well as the obligation, to perform the religious duties incident to his position, and includes the right of admission to the church building, and unhampered opportunity for performance of all religious offices, and, where the vestry without authority from the superior ecclesiastical body of the diocese attempt to terminate the relations between the rector and the congregation, they cannot exclude him and the people from the church building and prevent him from conducting religious services therein, and any attempt to do so may be restrained by injunction.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. § 188; Dec. Dig. § 27.*]

Action by William N. Ackley against Major Irwin and others. On motion for an injunction pendente lite. Motion granted.

William H. Ford, for plaintiff.

Francis C. Koehler (Darwin J. Meserole, of counsel), for defendants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GARRETSON, J. The plaintiff is the rector of St. Andrew's Church of Brooklyn, a religious corporation. Ecclesiastically, St. Andrew's Church is a congregation or religious body in affiliation with and constitutionally a part of the Protestant Episcopal Church of the United States of America, and is subject to the constitution and canons of said church and of the diocese of Long Island. The defendants are a majority of the members of the vestry of the said religious corporation. They have assumed, by resolution at a meeting of the vestry (the determination of the question of the regularity of which is not vital upon this motion), to dispense with the services of the plaintiff and to discharge him from the office of rector of the church and congregation. This act has been done upon the theory and distinct claim made by defendants' counsel upon the argument that, by the statute and common law of the state, the relation of master and servant was created and existed between the church and the rector and was terminable at the will of either, and that without regard to the canons of the church or of the diocese. An effort was made by the defendants, prior thereto, to invoke and secure ecclesiastical action to the same end by appeal to the bishop of the diocese; but it is apparent, from the papers submitted and the reference made therein to the relevant canonical provisions, that their procedure was irregular and abortive.

The plaintiff was elected rector of the church by the vestry June 5, 1894, and again on June 30, 1898, and has until now served continuously in that capacity, except so far as he has been interfered with by the acts of the defendants herein complained of. Following the actions of the defendants in attempting to dispense with the services of the plaintiff at the vestry meeting, they closed the church building against him by removing the locks on the doors and substituting others in their place, thus excluding both rector and people from their accustomed place of worship, and notwithstanding repeated demands by the plaintiff to be allowed to conduct religious services therein. In obedience to the temporary injunction heretofore issued by this court, the plaintiff has been restored to possession of the church property. Upon this motion the court is asked to continue the injunction until the final determination of the action upon its merits.

I am unable to agree with the defendants' contention that the plaintiff is the servant of the congregation or of the vestry in a legal or any sense, or that by an arbitrary act of the vestry, even if taken in due form, the latter can at will deprive the plaintiff of his legal or ecclesiastical rights and privileges.

It may be well also to observe, in this connection, that the duration of the incumbency of the plaintiff was not limited to any specific period, but was indefinite, so far as any act of the plaintiff and vestry is concerned. It is provided by section 42 of the religious corporations law (Consol. Laws, c. 51, art. 3) that:

"The vestry may, subject to the canons of the Protestant Episcopal Church in the United States, and of the diocese in which the parish or church is situated, by a majority vote, elect a rector to fill a vacancy occurring in the rectorship of the parish, and may fix the salary or compensation of the rector."

125 N.Y.S.—43

These words necessarily import, into the statute authorizing the act of the vestry in filling a vacancy, the relevant canon laws of the general church body and of the diocese. This is so, not only in respect to the act of filling the vacancy and the terms and conditions of the relation of pastor and people, but to the manner of the termination of that relationship as well.

Canon 37, § 1, of the general church body, is in these words:

"A rector may not resign his parish without the consent of the said parish, or its vestry, or its trustees, whichever may be authorized to act in the premises, nor may any rector or minister canonically or lawfully elected and in charge of any parish be removed therefrom by said parish, vestry or trustees against his will, except as hereinafter provided."

Section 2 next following the above-quoted canon provides a complete and effective remedy, available to both rector and vestry for the severance of relations between them for any good and sufficient cause by application to the superior ecclesiastical authority of the diocese. The manner of bringing the matter to a hearing and the notice to be given are set forth in canon 22 of the diocese. That this course of general procedure was necessary, and that the relation of rector and vestry could not be otherwise terminated, even prior to the passage of the statutes incorporated into the religious corporations law, above cited, are recognized and applied in the well-considered case of Youngs v. Ransom, 31 Barb. 49.

That the position of rector necessarily carries with it the right, as well as the obligation, to perform the religious duties peculiar and incident to his position, would seem not to admit of controversy. It therefore includes admission to the church building and unhampered opportunity for the performance of all ministerial religious offices. See General Canon 15, § 1, subd. 2.

It is not requisite for the purposes of this motion that a more elaborate expression of opinion be written at this time upon the interesting questions involved in the case. They should await the more deliberate consideration and disposition of the Trial Term.

Upon the grounds above indicated, and because the plaintiff is, upon the facts and the law, entitled meanwhile to the preventive remedy sought against the acts of the defendants, his motion for an injunction pendente lite is granted.

Motion granted, with $10 costs.